UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | NO. 5:23-mj-5358 <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an electronic communications provider located in Mountain View, California, to disclose certain records and other information pertaining to the Google account imshalash63@gmail.com (herein, "Target Account"), as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment

A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i), (ii).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>TRUECALLER</u>

4. As will be explained later, evidentiary findings presented herein were obtained in some part through the use of the software Truecaller. Truecaller markets itself as a smartphone application that provides its users with multiple telecommunication-based functions, including reverse phone lookup, caller-identification, call-blocking, and call recording. It is generally a free service that only requires users to provide a telephone number or email address in order to acquire an account.

5. Pertaining to the reverse phone lookup function, Truecaller purports it uses, among other techniques, community sourcing from its more than 350 million users to help identify and associate phone numbers with names and businesses[1]. Truecaller users can authorize Truecaller to retrieve the contacts information contained within users' mobile devices and add them to its worldwide database. Information from this database is then made available to Truecaller users when they seek to identify individuals associated with certain phone numbers. In prior cases similar in nature, the investigative team has utilized this open-source application as a means to assist in identifying who owns or uses a known telephone number. The investigative team has repeatedly found the results to be reliable after corroborating the associated user of a particular phone number through independent means.

## THE RELEVANT FACTS

6. The United States is investigating an online fraud scam concerning possible violations of, inter alia, 18 U.S.C. §§ 1343 (Wire Fraud), 1349 (Mail and Wire Fraud Conspiracy), and 1956 (Money Laundering and Money Laundering Conspiracy).

7. The investigation in this case has identified a network that engages in a complex scheme centered on the fictitious sale of expensive luxury vehicles that are neither owned nor in the possession of the individual(s) attempting to sell them. Here, on numerous occasions, the perpetrators reached out over the phone or internet to luxury car dealerships throughout the United States using the aliases, "Samuel Riley", "Michael

---

[1] Information from Truecaller website https://www.truecaller.com/reverse-phone-number-lookup, last accessed October 16, 2023.

Riley", and "Samuel Zarnigihan," and requested to speak with the used-car manager. The perpetrators presented themselves as employees of another legitimate luxury car dealership and offered luxury vehicles for sale. The perpetrators provided pictures of and titles for the vehicles in question, as well as the dealership license of their represented "employer." If an agreement was reached to purchase the vehicles, the perpetrator then provided bank account information to receive the victim funds, including for bank accounts located in the Eastern District of Kentucky. In at least three verified instances, the perpetrators successfully convinced a dealer to wire funds to a bank account for a vehicle that was never provided. Once received, the money was quickly removed and, in all but once instance, never recovered.

8. As part of the scheme, the perpetrators also purported to attempt to purchase luxury cars advertised by the victim dealership. During this discourse, the victim dealership would often provide pictures and documentation (i.e., title and dealership license) for the vehicles in question. This provided the perpetrators with pictures and documents to use to commit fraud against new victims.

9. Law enforcement began its investigation into this network in early 2023 when the U.S. Secret Service ("USSS") met with representatives of Mercedes Benz of Cincinnati (herein, "MBC"), who reported that people were impersonating an employee and used car salesman of MBC to victimize other dealerships throughout the country. As part of their investigation, law enforcement has identified over seven dealerships that were intended victims of the criminal scheme.

10. One such victim is "SFEC", a car dealership business operating out of San Francisco. In July 2022, the pre-owned car manager of SFEC received an unsolicited phone call from an individual utilizing the alias, "Sam Zarnigihan". Zarnigihan represented himself as an employee of H Greg Lux Motors in Florida and offered the sale of a Lamborghini SVJ Roadster. The discussions between Zarnigihan and the pre-owned car manager of SFEC took place over the course of several days. After an agreement was reached for SFEC to purchase the vehicle, Zarnigihan emailed wiring instructions to the pre-owned manager requesting SFEG wire the payment to an identified US Bank Account. SFEC then sent a wire to this US Bank Account for $750,000. Fortunately, an error in the wiring instructions resulted in the victim's funds being frozen. During this period, SFEC reevaluated the purchase and ultimately called the HGreg Lux Dealership in Florida, which informed SFEC of the fraudulent nature of the sale. Employees of SFEC provided the investigative team with email communications exchanged during the theft attempt which included emails from an individual named "Micheal Riley" using the email address michealriley674@gmail.com. Zarnigihan had previously provided a phone number and email address for Riley, introducing him as a representative of the dealership's business center to assist with payment instructions and verification.

11. To date, the investigative team has identified multiple attempts that were similar in nature and, based upon a number of overlapping details (i.e., same alias, email address, and/or phone number), were likely committed by the same criminal actor(s). At this stage in the investigation, the earliest verified attempt took place in June 2022.

## TARGET ACCOUNTS

5

12. Through valid legal process, the investigative team obtained account records for the michealriley674@gmail.com Google account. Google records revealed the account listed the Jordanian phone number +962792857576 as its SMS recovery number.

13. Utilizing the Truecaller application, the investigative team performed a reverse phone lookup of the +962792857576 phone number. Truecaller results associated the phone number with the name "A B" and the email address imshalash63@gmail.com. Members of the investigative team subsequently requested Google preserve records associated with the imshalash63@gmail.com account. Google confirmed receiving the request and provided a reference number of 40219712.

14. Among other items of information, the investigative team seeks accounts linked by cookies, communication headers, recovery e-mail addresses, or telephone numbers to the Target Account through this application. In prior search warrants on similar investigations, electronic communication service providers have identified accounts linked by cookies, recovery e-mail addresses, or telephone numbers. This yielded valuable information about the scheme, other coconspirators involved in the conspiracy, as well as the location and whereabouts of the account users. Obtaining information about accounts linked by cookies, recovery e-mail addresses, or telephone numbers to the Target Account can lead to significant developments in the investigation into the criminal schemes while also providing potential evidence and leads as the user's current location.

## REQUEST FOR ORDER

15. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment

A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

16.     The United States further requests that the Order require Google LLC not to notify any person, including the subscribers or customers of the accounts listed in Part I of Attachment A, of the existence of the Order for a period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the

investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

17. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:   /s/ Kathryn M. Dieruf
Assistant United States Attorney
260 West Vine Street
Lexington, KY 40507
Kathryn.Dieruf@usdoj.gov
(859) 685-4885